# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MELVA D. FLOWERS,
              Appellant,

              v.

SOCIAL SECURITY
      ADMINISTRATION,
              Agency.

DOCKET NUMBER
DA-0752-15-0562-I-1

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Melva D. Flowers, Texarkana, Texas, pro se.

Greg White, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her involuntary disability retirement appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was employed at the agency's Texarkana, Texas field office from September 26, 1999, through January 31, 2014, when at the age of 61, after not reporting for work for about 3 months, she retired on disability. Initial Appeal File (IAF), Tab 7, Subtab 4b at 4, Subtab 4c at 150, 152, Subtabs 4d‑4e. After her retirement, she filed a formal equal employment opportunity (EEO) complaint on June 1, 2014. IAF, Tab 7, Subtab 4c at 31-33. The Report of Investigation (ROI) for her EEO complaint states that the appellant alleged that her first‑line supervisor, M.W., harassed her because of her age, disability, and political affiliation, forcing her into retirement. *Id.* at 31-32. On July 21, 2015, the agency issued a Final Agency Decision (FAD) denying the complaint. IAF, Tab 7, Subtab 4b. The agency informed the appellant of her mixed-case appeal rights before the Board. *Id.* at 16.

¶3 The appellant filed this appeal, alleging that she involuntarily retired when agency management changed her job duties to those that were incompatible with her alleged disabilities. IAF, Tab 1 at 2, 9. On November 24, 2015, the day of the hearing, the parties advised the Board that they had settled the appeal. IAF,

Tab 18, Hearing Compact Disc (HCD). However, they acknowledged the settlement agreement could not be accepted into the record for enforcement purposes because the issue of the Board's jurisdiction was unresolved. *Id.* Accordingly, the administrative judge dismissed the appeal as settled, but explained that the Board did not retain enforcement authority. IAF, Tab 19, Initial Decision (ID); *Adkins v. U.S. Postal Service*, 86 M.S.P.R. 671, ¶ 10 (2000) (finding that an administrative judge, before accepting a settlement agreement into the record, must first determine whether the underlying appeal is within the Board's jurisdiction).

¶4 On review, the appellant seeks to invalidate the settlement agreement and reinstate her appeal, including the affirmative defenses that were the subject of her EEO complaint. Petition for Review (PFR) File, Tab 1. She argues that the administrative judge gave her incorrect information during presettlement discussions, and, but for that information, she would not have settled her appeal. *Id.* at 1. Specifically, the appellant asserts that the administrative judge told her that if she established the Board's jurisdiction over her involuntary retirement appeal, then she would have to return to work and repay benefits she had received. PFR File, Tab 3 at 14. The appellant avers on review that she later learned from an unnamed Social Security Administration claims representative that she would not have had to repay all of these benefits had she established the Board's jurisdiction. PFR File, Tab 1 at 1. She explains that she accepted the settlement offer reluctantly because she could not afford to repay the benefits outright and she knew that the income she received from working would be garnished to meet her obligations. *Id.* She also avers that she retired because of a hostile work environment, and she reiterates several allegations related to that claim. *Id.* at 1‑2.

¶5 A party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidating it. *Adkins*, 86 M.S.P.R. 671, ¶ 7 (citing *Bynum v. Department of Veterans Affairs*, 77 M.S.P.R. 662, 665 (1998)).

Coercion by the administrative judge may form a basis for invalidating an agreement. *Lewis v. Department of the Navy*, 44 M.S.P.R. 373, 376 (1990). The appellant has alleged coercion because of the administrative judge's purportedly misleading statements regarding her obligation to repay benefits she had received, if she were returned to her former job. PFR File, Tab 1 at 1.

¶6     The appellant has not successfully alleged coercion. First, her allegations regarding the administrative judge's remarks are not set forth in an affidavit or a sworn statement, nor are they supported by a statement from any person who witnessed her conversation with the administrative judge. They are merely allegations, which do not meet her burden of proof. *Betterly v. Department of Veterans Affairs*, 47 M.S.P.R. 63, 65 (1991) (holding that assertions not made in an affidavit or sworn statement are simply allegations); *cf. Schaefer v. U.S. Postal Service*, 42 M.S.P.R. 592, 595 (1989) (holding that unrebutted affidavits constitute evidence of the matters asserted therein, and, if uncontested, such affidavits prove the facts they assert).

¶7     Even if the appellant's allegations had been made under oath, nothing in her petition for review establishes that she did not freely enter into the settlement agreement. *See Candelaria v. U.S. Postal Service*, 31 M.S.P.R. 412, 413 (1986) (holding that, to establish that a settlement resulted from coercion or duress, a party must prove that she involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of coercive acts by the other party). An appellant's bare assertion that she was coerced does not form a basis for voiding the agreement. *Cf. Bowie v. U.S. Postal Service*, 72 M.S.P.R. 42, 45 (1996); *Betterly*, 47 M.S.P.R. at 65-66. Conversely, the appellant's request to the agency to reinstate a previously extended offer of settlement shows that she still is interested in negotiating with the agency, which effectively defeats her allegation that her decision to settle was involuntary. PFR File, Tab 3 at 14.

¶8 The appellant's assertions are further diminished by the fact that she was represented during the settlement process. She had two union representatives, one of whom was an attorney, at meetings where settlement was discussed, and she conferred with both representatives prior to signing the agreement. *Id.* at 14-15; *see* ID at 1. Her attorney representative told the agency representative that he gave her the same information that the administrative judge provided. PFR File, Tab 3 at 14. At least one of her representatives also assisted with the drafting of the agreement and reviewed the agreement with her before she signed it. *Id.* at 15. The appellant did not voice any opposition to the agreement at that time or when the parties appeared before the administrative judge. *Id.*; HCD. Indeed, she told the administrative judge that she freely and voluntarily entered into the agreement. HCD. She acknowledged in the agreement itself that she "carefully read and fully understands all of the terms and conditions of this Agreement" and that she "freely and voluntarily" entered into it. PFR File, Tab 3 at 16. Finally, the appellant has not in any way substantiated her claim that she received advice that conflicted with the information the administrative judge gave her from an unnamed claims representative after she agreed to settle her case. In any event, assuming it is true that the administrative judge told the appellant that she might have to repay some or all of the benefits she had received if she were returned to her former position, we find nothing inherently wrong in such advice, generally speaking.

¶9 We thus find that the appellant failed to establish any basis for invalidating the settlement agreement. We will not reach the merits of the underlying appeal, including the mixed‑case issues she raises on review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.